RACHEL L. McCLINTOCK (262006)
Rachel.McClintock@Dinsmore.com
ROBERT D. PRINE (312432)
robert.prine@dinsmore.com
DINSMORE & SHOHL LLP
655 W Broadway, Suite 800
San Diego, CA 92101
Ph: (619) 400-0500
Fx: (619) 400-0501

Attorney for Defendant,
WAL-MART ASSOCIATES, INC.,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDOLYN FRANCIS, an individual | Case No.: |
| PLAINTIFF, | **DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL** |
| v. | |
| WAL-MART ASSOCIATES, INC., a Delaware corporation; NICOLE RAMOS, an individual, and DOES 1 through 20, inclusive, | Dept.: <br> Judge: <br> Complaint Filed:    January 31, 2025 <br> Trial Date:            TBD |
| DEFENDANT. | |

Wal-Mart Associates, Inc. ("Defendant") by its counsel of record and pursuant to 28 U.S.C. sections 1332, 1441, and 1446, hereby gives notice of the removal of the above-styled action to this Court. In support of its Notice of Removal, Defendant states as follows:

## THE STATE COURT ACTION

1.    On May 12, 2025, Plaintiff Gwendolyn Francis ("Plaintiff") filed a complaint against Defendant in the Superior Court of the State of California, County of Riverside in the matter entitled *Gwendolyn Francis v. Wal-Mart Associates, Inc. a Delaware corporation; Nicole Ramos, an individual, and DOES 1 through 20, inclusive,* Case No. CVME2505411 (the "State Court Action").  Plaintiff alleged the

1

following causes of action against Defendant: (1) disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (2) race discrimination in violation of the FEHA; (3) age discrimination in violation of the FEHA; (3) age discrimination in violation of the FEHA; (4) failure to accommodate disability in violation of the FEHA; (5) failure to engage in the interactive process in violation of the FEHA; (6) retaliation in violation of the FEHA; (7) failure to prevent discrimination, harassment, and retaliation in violation of the FEHA; (8) harassment/hostile work environment in violation of the FEHA; (9) retaliation in violation of California Labor Code § 6310; (10) wrongful termination in violation of public policy; and (11) violation of the California Business and Professions Code §§ 17200, *et seq*. ("Complaint"). *See* Ex. A, Complaint, ¶¶ 49 – 168.  Notably, Plaintiff's eighth cause of action was the only cause of action against the individual defendant, Nicole Ramos.

2. Following unsuccessful meet and confer efforts, Defendant Ramos filed a demurrer on September 29, 2025 seeking to dismiss Plaintiff's eighth cause of action and dismissing Defendant Ramos as a defendant from this case.  *See* Declaration of Robert D. Prine in Support of Notice of Removal ("Prine Decl."), ¶ 3; *see also* Ex. K, Demurrer.

3. On December 10, 2025, the Superior Court issued a tentative ruling granting the demurrer but allowing Plaintiff's counsel twenty (20) days to amend the Complaint.  Prine Decl., ¶ 4.

4. The Parties attended the demurrer hearing on December 11, 2025 where the Court adopted its tentative ruling.  Prine Decl., ¶ 5.  The Court then issued a final order granting the demurrer with leave to amend.  *See* Ex. Y, Minute Order.

5. Plaintiff did not file an amended Complaint by December 31, 2025.  Prine Decl., ¶ 6.  Accordingly, according to the Court's minute order, Defendant Ramos was effectively dismissed as an individual defendant on January 1, 2026.

///

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL

6. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, summons, answer, demurrer papers, court orders, and all process and pleadings, which were deemed served upon Defendant in the State Court Action, are attached hereto as **Exhibits A through Y**.

7. No further proceedings have occurred in the State Court Action.

8. As mentioned above, Nicole Ramos, the only California resident named in the Pleadings, has been dismissed with prejudice from this case pursuant to the Superior Court's December 11, 2025 order. *See* Ex. Y. To the best of Defendant's knowledge, although fictitious "Doe" Defendants are listed on the Complaint, no other Defendant have been properly named or served with the Complaint. For purposes of removal, "the citizenship of Defendant sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

9. This case was not initially removable until January 1, 2026, when Plaintiff did not amend her Complaint following the Court's December 11, 2025 order dismissing Plaintiff's eighth cause of action and, as a result, dismissing Nicole Ramos from this suit. This application has been filed within thirty (30) days of the January 1, 2026 deadline for Plaintiff to amend her complaint which, for the first time, made this case removable for the reasons discussed in this Notice of Removal.

## REMOVAL PROCEDURES AND VENUE

10. This Notice of Removal is filed within thirty (30) days of the Superior Court's December 11, 2025 minute order dismissing Nicole Ramos and the Plaintiff's January 1, 2026 deadline to amend her Complaint. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. §1446(b)(3). Specifically. 28 U.S.C. § 1446(b)(3) provides, in pertinent part, that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a . . . order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL

U.S.C. § 1446(b)(3). Furthermore, this Notice of Removal is filed less than one (1) year from the commencement of this action pursuant to 28 U.S.C. § 1446(c)(1).

11.    In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice to Plaintiff.

12.    Pursuant to 28 U.S.C § 1446(d), Defendant will file a duplicate copy of this Notice with the Clerk of the Superior Court of the State of California, County of Riverside.

13.    In accordance with 28 U.S.C. § 1446(b), a venue is properly placed in the United States District Court for the Central District of California because it is the district court for the district and division where the State Court Action is pending (Superior Court for the State of California, County of Riverside).

14.    Further, this action is not a worker's compensation action made non-removable by 28 U.S.C. § 1445(c).

## BASIS FOR REMOVAL

15.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction, as this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## COMPLETE DIVERSITY OF CITIZENSHIP

16.    Plaintiff is an individual domiciled in the state of California. *See* Ex. A, Complaint, at ¶ 1.  Therefore, based on Plaintiff's Complaint, Plaintiff was and is a citizen of the State of California when this action was filed in state court, at the time of removal, and at all other times throughout the pendency of this case, and is therefore a citizen of California within the meaning of 28 U.S.C. § 1332.

17.    For the purposes of diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which its principal place of business is located.  Defendant Wal-Mart Associates, Inc. is a corporation incorporated in the state of Delaware with its principal place of business located in

Arkansas. Accordingly, Defendant is a citizen of the state of Delaware and the state of Arkansas.

18.    As mentioned above, the Superior Court dismissed Nicole Ramos (a California resident) from this lawsuit.  *See* Ex. Y.  As such, she should not be considered when establishing diversity of citizenship.

19.    In determining whether a civil action is removable on the basis of jurisdiction arising under 28 U.S.C. § 1332, the citizenship of a defendant sued under fictitious names, such as John Doe, is disregarded. See U.S.C. § 1332(b)(1).

20.    Based on the foregoing paragraphs, the requirement of complete diversity of citizenship is satisfied in this case.

## **AMOUNT IN CONTROVERSY**

21.    A cause of action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2); *Matheson v. Progressive specialty ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003).

22.    Here, Plaintiff seeks, *inter alia*, (1) general and special damages; (2) attorneys' fees and costs; (4) punitive damages; (5) prejudgment and post-judgment interest; and (6) any other further relief that the court may deem necessary and proper. *See* Ex. A, Complaint at Pgs. 27 – 28.

23.    Plaintiff alleges she was terminated on March 12, 2025. *See* Ex. A, Complaint, at ¶ 43.  Plaintiff has been out of work for almost nine (9) months as of the time this Notice of Removal was filed.  On September 11, 2025, Plaintiff provided verified responses to Defendant's Form Interrogatories – General, Set One.  *See* Prine Decl., ¶ 2, Ex. 1 (Discovery Responses).  In response to Form Interrogatory No. 8.4, Plaintiff stated, "[d]uring Plaintiff's employment with Defendant, Plaintiff earned a monthly income of approximately $2,776 . . . ." *Id*.  In response to Form Interrogatory 8.6, Plaintiff stated that she "has not worked since Defendant terminated her employment effective March 12, 2025." *Id*.  Assuming Plaintiff has been unable to

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL

find comparable replacement work to date, Plaintiff's back pay could be as high as **$24,984.00** in lost wages alone ($2,776.00 (monthly pay) x 9 months).  Notably, this calculation does not include damages up through trial.  Even assuming trial is scheduled within one (1) year of the date of removal, Plaintiff's total economic damages could equal $58,296.00 ($2,776.00 x 21 months).

24.    While Plaintiff has not specifically stated the amount of non-economic damages in her Complaint, Courts in the Central District have regularly found it appropriate to apply a 1:1 ratio of emotional distress damages relative to economic damages for purposes of calculating the amount in controversy requirement. *See Cotoc v. Dolex Dollar Express, Inc.*, 2021 U.S. Dist. LEXIS 161240, at * 15-16 (C.D. Cal. August 25, 2021) (applying a 1:1 ratio for non-economic damages for calculating amount in controversy in an employment action); *Cuevas v. Lowes Home Ctrs., LLC*, 2020 U.S. Dist. LEXIS 206629, at *14 (C.D. Cal. Aug. 5, 2020) (same); *Garfias v. Team Indus. Servs., Inc.*, 2017 U.S. Dist. LEXIS 167370, at *12 (C.D. Cal. Oct. 10, 2017) (same).  Accordingly, Plaintiff's non-economic damages may also be calculated at **$24,984.00.**

25.    While Defendant disputes punitive damages are warranted, Plaintiff also seeks punitive damages. While there is no maximum sum, punitive damages typically range from one to four times the amount of actual damages. *See Perez v. CarMax Auto Superstores Cal., LLC*, 2014 U.S. Dist. LEXIS 11130, at * 4-5 (S.D. Cal. Jan. 28, 2014) (*citing State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003)); *See also Mahim Khan v. Hologram USA Inc. et al.*, Case No. BC654017, 2019 Jury Verdicts LEXIS 125655 (Dec. 2, 2019) (Los Angeles jury awarding $50 million in punitive damages in a sexual harassment case). Assuming on the low end that punitive damages are calculated at the same amount of Plaintiff's economic and non-economic damages ($32,640.00), Plaintiff's punitive damages award, for purposes of calculating amount in controversy, total **$49,968.00**.

///

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL

26. Finally, "where the law entitled the plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." *See Brady v. Mercedez-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). Notably, this includes future attorneys' fees. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 795 (9th Cir. 2018). When estimating attorney's fees for jurisdictional purposes, "the estimated attorneys' fees must simply be reasonable." *See Tijerina v. Alaska Airlines, Inc.*, 22-CV-203 JLS (BGS), 2022 U.S. Dist. LEXIS 140096, at * 24 (S.D. Cal. Aug. 5, 2022) (finding that $30,000 is a reasonable estimate for attorneys' fees in FEHA case); *Owuor*, 2022 U.S. Dist. LEXIS 93804, at *6-7 (finding that $30,000 is a reasonable estimate for attorneys' fees in a FEHA pregnancy discrimination case). Like the cases cited above, **$30,000.00** is a reasonable estimate for attorneys' fees in this case.

27. For amount in controversy purposes, as stated above, Plaintiff's economic damages, non-economic damages, attorneys' fees, and punitive damages total **$129,936.00.** Notably, this does not include Plaintiff's economic damages through the end of trial which would push the amount of controversy well over $200,000.

28. Accordingly, based on the significant and varied alleged sources of damages above, Defendant in good faith that the total amount "at stake" for Plaintiff's claims exceeds $75,000.

29. Consequently, this Court has original diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and this matter may be removed by Defendant pursuant to 28 U.S.C. § 1441(a).

## **RESERVATION OF RIGHTS**

30. Defendant denies the allegations contained in Plaintiff's Complaint. Defendant files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL

31. Further, in making the assertions in this Notice of Removal, Defendant does not concede in any way that Plaintiff has alleged causes of action upon which relief can be granted, that the allegations or inferences drawn therefrom are accurate, or that Plaintiff is entitled to recover any amounts sought.

32. Defendant further reserves the right to amend or supplement this Notice of Removal as appropriate.

WHEREFORE, Defendant respectfully requests that this action be removed to the United States District Court for the Central District of California, and the Superior Court of California, County of Riverside proceed no further with respect to this action.

Respectfully submitted,

Dated: January 9, 2026          DINSMORE & SHOHL LLP

By: /s/ Robert D. Prine
Rachel L. McClintock
Robert D. Prine
Attorney for Defendant,
WAL-MART ASSOCIATES, INC.

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on January 9, 2026, a true copy of this document was served by electronic mail upon all registered CM/ECF users, and by United States Postal Service upon all non-registered CM/ECF users in this case as indicated below:

Hengameh S. Safei, Esq.                **Attorneys for Plaintiff**
NORTH LAW P.C.
12100 Wilshire Boulevard, 8th Floor
Los Angeles, CA 90025
T: (213) 868-3232
F: (213) 315-0162
E: safaei@northlegalpc.com
litigationteam@northlegalpc.com

I declared under penalty of perjury under the laws of the United States of America that the above is true and correct.

                                         /s/ Robert D. Prine
                                    ROBERT D. PRINE

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL